IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | |
|---|---|
| LENARD WIGFALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: _____ |
| | ) |
| | ) |
| | ) JURY TRIAL |
| | ) |
| HEALTHCARE SERVICES GROUP, INC. | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiff, LENARD WIGFALL, by and through his attorneys, alleges for his Complaint as follows:

**I. INTRODUCTION**

1. Plaintiff brings this action against the Defendant, HEALTHCARE SERVICES GROUP, INC., for legal relief to redress unlawful violations of Plaintiff's rights under the Family Medical Leave Act ("FMLA" or "the Act"), 29 U.S.C. §§ 2601, *et seq*.

**II. THE PARTIES**

**A. THE PLAINTIFF**

2. Plaintiff, LENARD WIGFALL, currently resides in Chattanooga, Tennessee and is a citizen of the United States.

3. Plaintiff was employed by Defendant for approximately ten years.

4. Plaintiff is an FMLA "eligible employee", specifically under 29 U.S.C. Section 2611(2)(A).

## B. THE DEFENDANT

5. Defendant is located within the Eastern District of Tennessee and is an employer within the provisions of the FMLA, specifically under 29 U.S.C. Section 2611(4)(A). Defendant is the successor in interest to Plaintiff's prior employer, Kindred Hospital of Chattanooga (709 Walnut St, Chattanooga, Tennessee 37402), as Defendant took over some or all of the operations relating to Plaintiff's position within Kindred Hospital. Defendant is the nation's largest provider of support services management to the healthcare industry. Alternatively, Defendant is the joint, or integrated, employer of the Plaintiff, along with Kindred Hospital. It was Kindred Hospital who sent Plaintiff his separation notice on September 7, 2011.

6. At all times material to this action, Defendant has been engaged in commerce as defined by § 2611(1) of the FMLA.

7. The Defendant is bound by the rules and regulations of the Family and Medical Leave Act.

## III. JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

9. Venue is proper in the Eastern District of Tennessee under 28 U.S.C. §1391(b)-(c).

## IV. FACTS

10. In 2011, Plaintiff suffered a "serious health condition," namely, anxiety and major depression.

11. Plaintiff took a leave for this condition from August 26, 2011 with a return date of August 30, 2011—four full consecutive days, plus he took additional treatment before and after.

12. For the leave beginning August 26, 2011, Plaintiff's physician gave him a medical restriction stating: "Excuse Lenard Wigfall for illness 8/26/2011. He may return without restriction 8/30/2011."

13. Defendant did not request further information on the certificate.

14. Nor did Defendant request a second or third opinion.

15. Nor did Defendant reinstate Plaintiff following his FMLA qualifying leave.

16. Instead, Defendant claimed that Plaintiff had left early without permission on August 25, 2011 and, therefore, was terminated.

17. It is simply not true that Plaintiff left early without permission on August 25, 2011. This reason was a pretext for terminating Plaintiff's employment because of his taking FMLA qualifying leave.

18. Plaintiff's use of FMLA qualifying leave was the substantial motivating reason, or mixed motive, for Plaintiff's termination.

19. Plaintiff's hourly rate of pay was $12.60.

20. Defendant provided Plaintiff with various employment benefits.

## V. COUNT ONE

21. Plaintiff repeats and incorporates by reference the allegations contained in Paragraphs 1-20 herein. By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(1) of the FMLA by interfering with, restraining and/or denying Plaintiff the exercise of or the attempt to exercise her rights under the FLMA, including by refusing to restore his job following use of FMLA qualifying leave.

## VI. COUNT TWO

22. Plaintiff repeats and incorporates by reference the allegations contained in

Paragraphs 1-20 herein. By its actions alleged herein, Defendant violated the provisions of Section 2615(a)(2) of the FMLA by discharging and/or unlawfully discriminating against the Plaintiff for exercising his rights under the FMLA including by terminating Plaintiff *because* of his FMLA qualifying absences despite being told of the circumstances.

## VIII. PRAYER FOR RELIEF

23. WHEREFORE, the Plaintiff prays for the following relief:

    A. That proper process issue along with a copy of this complaint requiring the Defendants to appear and answer;

    B. That Plaintiff be awarded damages in the amount of any wages, salary, employment benefits or other compensation, including, but not limited to back pay and front pay, plus an equal amount of liquidated damages and/or prejudgment interest;

    C. Any actual monetary loss sustained by the Plaintiff, plus an equal amount of liquidated damages and/or prejudgment interest;

    D. Reasonable attorneys' fees;

    E. The costs and expenses of this action;

    F. Such other legal and equitable relief to which Plaintiff may be entitled; and

    G. Plaintiff further demands a Jury to try this cause.

**GILBERT RUSSELL McWHERTER PLC**

**/s Justin S. Gilbert_____**
Justin S. Gilbert (TN Bar No. 017079)
Republic Centre/ 633 Chestnut St, Suite 600
Chattanooga, TN 37450
Telephone: 731-664-1340
Facsimile: 731-664-1540
jgilbert@gilbertfirm.com

Jonathan L. Bobbitt (TN Bar No. 23515)
101 North Highland Ave
Jackson, TN 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
jbobbitt@gilbertfirm.com

ATTORNEYS FOR PLAINTIFF